Paul M. Butler, Jr. and Nancy O. Butler v. Commissioner.
Butler v. Commissioner
Docket No. 2122-68.
United States Tax Court
T.C. Memo 1970-196; 1970 Tax Ct. Memo LEXIS 163; 29 T.C.M. (CCH) 880; T.C.M. (RIA) 70196; July 15, 1970, Filed Paul M. Butler, Jr., pro se, 29 Tioga Pass, Short Hills, N. Y.Barry N. Mosebach, for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $358.91 in petitioners' income tax for the calendar year 1966. The only question presented for decision is whether petitioners may deduct expenses for maintenance, repairs, and depreciation incurred while they held for *164 sale a house which they had previously used as their residence. Findings of Fact The parties have stipulated certain facts which are incorporated herein by this reference. Petitioners, Paul M. Butler, Jr. ("Paul") and Nancy O. Butler, are husband and wife. They filed a joint Federal income tax return for the calendar year 1966 with the district director of internal revenue at Newark, New Jersey, and resided in Short Hills, New Jersey, at the time the petition was filed in this case. In July of 1964, petitioners purchased a house located in Potomac, Maryland, for $157,000. Petitioners subsequently added a central air-conditioning unit to the house at a cost of $3,100. The property therefore had an adjusted cost basis of $160,100, of which $40,100 was attributable to the land on which the house was located. Petitioners moved into the house in 1964 and occupied it as their personal residence for approximately two years. During that time Paul, an attorney, was employed in Washington, D.C.
In August of 1966, Paul accepted employment with a law firm in New York. At about the same time petitioners listed their house for sale (but not for rent) with a real estate agent. At that *165 time the appraised value of the house, exclusive of land, was more than its adjusted cost basis of $120,000. Petitioners initially offered both the house and the land for sale at a total gross sale price of $175,000. In September of 1966, petitioner alone moved to New York and commenced employment there; his wife and four children remained behind and continued to occupy the Potomac house. In October petitioners purchased a house located in Short Hills, New Jersey, and later that month, although their house in Potomac was not yet sold, petitioners moved themselves, and their family, furniture, and personal belongings to their new house in Short Hills. Thereafter petitioners never reoccupied the house in Potomac. From August of 1966 until June of 1967, petitioners received several offers for the Potomac house for less than $175,000. None of the offers was accepted. Finally, in June of 1967, the property was sold for a gross sale price of $160,000. Out of that amount was paid a six percent real estate commission of $9,600. During the calendar year 1966 neither of the petitioners was employed as a real estate dealer, and the Potomac house was the only house they offered for sale *166 in that year. At the time the petition was filed in this case, petitioners continued to reside in the house in Short Hills which they had purchased in 1966. During November and December of 1966 petitioners expended the sum of $241.95 for maintenance and repair of their house in Potomac. On their joint Federal income tax return for 1966, petitioners deducted the foregoing expenses together with $1,428 as depreciation of the Potomac house, utilizing a $120,000 adjusted basis, a 28-year useful life, and the double declining balance method. Opinion RAUM, Judge: In order to be entitled to the claimed deductions for the maintenance 881 and repair expenses and for depreciation under section 212(2) [1] and 167(a)(2), [2]I.R.C. 1954, petitioners must establish that their former residence in Potomac, Maryland, constituted "property held for the production of income." *167 The facts of this case are quite similar to those presented in Frank A. Newcombe [Dec. 30,178], 54 T.C. 1298, where we held that the property in question was not held for production of income within the meaning of sections 167(a)(2) and 212(2). We consider Newcombe controlling here and hold that the deductions must be disallowed. The only significant difference between the two cases is that here petitioners initially offered their house for sale at a price in excess of their original investment. However, the fact that the property was placed on the market for sale even before it was abandoned as the family's residence strongly suggests that the property was not held for post-conversion profit. Moreover, the fact that the property was eventually sold for a gross sale price of $160,000, thereby producing a loss on the transaction, also suggests that the initial asking price of $175,000 was in the nature of a staring point for bargaining rather than the anticipated final sale price. In any event, the gross sale price was subject to a six percent real estate commission and perhaps also to other selling costs which further reduced the likelihood that the eventual net *168 sale price would produce a profit for the petitioners. We find as a fact that the property was not held for the production of income and therefore conclude that the Commissioner properly disallowed the claimed deductions. Decision will be entered for the respondent. Footnotes
1. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * * (2) for the management, conservation, or maintenance of property held for the production of income; * * * ↩
2. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - * * * (2) of property held for the production of income.↩